IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ANTHONY JUSKOWICH,<br><br>    Defendant. | 2:21-cr-54-CCW |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Anthony Juskowich's Motion to Dismiss the indictment against him on the ground that the statute pursuant to which he is charged is unconstitutionally vague. *See* ECF No. 39. For the following reasons, Mr. Juskowich's Motion will be DENIED.

**I.    Background**

On February 11, 2021, Mr. Juskowich was indicted on one count of sex trafficking and attempted sex trafficking under 18 U.S.C. § 1591. The indictment against Mr. Juskowich charges that he

> attempted to and did knowingly recruit, entice, harbor, transport, provide, obtain, and maintain by any means, in and affecting interstate and foreign commerce, Jane Doe, a person, namely an adult female, whose identity is known to the Grand Jury, knowing and in reckless disregard of the fact that means of force, threats of force, fraud, and coercion and any combination of such means, would be used to cause Jane Doe to engage in a commercial sex act.

ECF No. 1. Mr. Juskowich argues that Section 1591 is unconstitutionally vague as it applies to his case and, therefore, the indictment against him must be dismissed. *See* ECF No. 39. Specifically, Mr. Juskowich contends that he "lacks fair notice of what penalty he's facing should he go to trial, the jury finds him guilty of the offense of sex trafficking, but it finds 'the offense

was not so effected' by 'force, threats of force, fraud, or coercion.'" ECF No. 40 at 6 (quoting 18 U.S.C. § 1591(b)).

According to Mr. Juskowich, there is a "gap" between the offenses and penalties defined in Section 1591. *See* ECF No. 40 at 1. This gap, Mr. Juskowich argues, results from the incongruity between Section 1591(a)'s requirement that, as relevant here, the defendant acted "knowing, or…in reckless disregard of the fact, that means of force…*will be used to cause* [the alleged victim] to engage in a commercial sex act" and Section 1591(b)'s definition of penalties where "*the offense was effected by* means of force." 18 U.S.C. § 1591(a); *see also*, ECF No. 40 at 1, 4–5; ECF No. 43 at 1–2, 4–5. From this imperfect match in phrasing—that is, from requiring proof that a defendant acted while knowing (or recklessly disregarding) that force, fraud, or coercion "will be used" to penalizing an offense that "was effected by means of force"—Mr. Juskowich hypothesizes that it is possible the jury could find him guilty of an offense defined by Section 1591(a) (i.e. acting with reckless disregard for whether force will be used at some point in the future), but for which Section 1591(b) does not specify a penalty (because force was not, in fact, ever used). *See* ECF No. 40 at 10; ECF No. 43 at 14–16. If that is the case, Mr. Juskowich concludes, Section 1591 is unconstitutionally vague. *See* ECF No. 40 at 11 (concluding that "18 U.S.C. § 1591 is constitutionally suspect, failing to apprise Mr. Juskowich…with 'sufficient clarity the consequences of violating a given criminal statute.'") (citation omitted).

## II. Standard of Review

"The void-for-vagueness doctrine reflects the fundamental principle that, in order to comply with the requirements of due process, a statute must give fair warning of the conduct that it prohibits." *U.S. v. Fontaine*, 697 F.3d 221, 226 (3d Cir. 2012) (citing *Bouie v. City of Columbia*, 378 U.S. 347, 351 (1964)). A statute is unconstitutionally vague if it either (1) "fails to provide

people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits" or (2) "authorizes or even encourages arbitrary and discriminatory enforcement." *Id.* (quoting *U.S. v. Stevens*, 533 F.3d 218, 249 (3d Cir. 2008)).  In the criminal context, a void-for-vagueness challenge fails "where reasonable persons would know their conduct puts [them] at risk of punishment under the statute." *Id.* (quoting *U.S. v. Moyer*, 674 F.3d 192, 211 (3d Cir. 2012)). Finally, where, as here, the challenged statute does not implicate rights under the First Amendment, void-for-vagueness challenges are evaluated "as-applied to the affected party." *Id.* (quoting *U.S. v. Fullmer*, 584 F.3d 132, 152 (3d Cir. 2009)).

**III.    Analysis**

The Court concludes that Section 1591 is not unconstitutionally vague as applied to Mr. Juskowich because he cannot be found guilty under Section 1591 of sex trafficking an adult if neither force, fraud, nor coercion was used.

Section 1591 "strikes at two particularly vicious permutations of commercialized sex:  at the exploitation of minors in the business of selling sex and at the use of criminal means [i.e. force, threats of force, fraud, or coercion] to produce the product being sold." *U.S. v. Todd*, 627 F.3d 329, 331 (9th Cir. 2010).  The offenses under Section 1591 are defined as follows:

(a) Whoever knowingly—

    (1) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person; or

    (2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),

knowing, or, except where the act constituting the violation of paragraph (1) is advertising, in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such

means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).

18 U.S.C. § 1591(a). The United States Court of Appeals for the Third Circuit has read this provision to mean that "a defendant must act either knowing that force, fraud, or coercion will be used to cause the victim to engage in a commercial sex act, or knowing that the person is under 18 and will be caused to engage in such an act." *United States v. McIntyre*, 612 F. App'x 77, 81 (3d Cir. 2015). And, if the Government proves a defendant violated Section 1591(a), the penalties are clear:

> (b) The punishment for an offense under subsection (a) is—
>
> > (1) if the offense was effected by means of force, threats of force, fraud, or coercion described in subsection (e)(2), or by any combination of such means, or if the person recruited, enticed, harbored, transported, provided, obtained, advertised, patronized, or solicited had not attained the age of 14 years at the time of such offense, by a fine under this title and imprisonment for any term of years not less than 15 or for life; or
> >
> > (2) if the offense was not so effected, and the person recruited, enticed, harbored, transported, provided, obtained, advertised, patronized, or solicited had attained the age of 14 years but had not attained the age of 18 years at the time of such offense, by a fine under this title and imprisonment for not less than 10 years or for life.

18 U.S.C. § 1591(b). In other words, Section 1591(b) provides discrete penalties for four distinct scenarios: (1) trafficking an adult with force, threats of force, fraud, or coercion; (2) trafficking minors between the ages of 14 and 18 *with* the use of force; (3) trafficking minors between the ages of 14 and 18 *without* the use of force; and (4) trafficking minors under the age of 14 by any means. *See id.* Only the first category is relevant here.

Mr. Juskowich takes issue with what he believes is the disconnect between Section 1591(a)'s definition of the relevant *mens rea*—"knowing…force, threats of force, fraud, or

4

coercion…*will be* used to cause a person to engage in a commercial sex act"—and Section 1591(b)'s requirement that the offense under 1591(a) "*was effected* by means of force, threats of force, fraud, or coercion." Mr. Juskowich draws a comparison to cases involving minors in which courts have found that Section 1591(a)'s use of the future-tense (i.e. "knowing…the person has not attained the age of 18 and *will be caused* to engage in a commercial sex act") means that no sex act is actually required for conviction. *See* ECF No. 43 at 5–8; *see also, e.g., U.S. v. Willoughby*, 742 F.3d 229, 241 (6th Cir. 2014) ("The future verb tense of the phrase 'will be caused'—which precedes 'to engage in a commercial sex act'—indicates that a sex act does not have to occur to satisfy the elements of the childsex-trafficking offense. To conclude otherwise erases the meaning of 'will be' from the statutory text.") (citation omitted).[1] Mr. Juskowich contends, therefore, that, if read consistently with the child sex-trafficking provision, no actual use of force, fraud, or coercion is required for conviction of an offense under 1591(a) where the victim is an adult. *See* ECF No. 43 at 15. If that is correct, he maintains, then Section 1591(a) provides for an offense (sex trafficking of an adult without force) for which Section 1591(b) does not provide a penalty because it requires that the offense "*was effected*" by force, fraud, or coercion.

While the precise question Mr. Juskowich raises here does not appear to have been addressed before, other courts that have looked at the adult sex-trafficking provisions of Section 1591 have not found any disconnect between "will be used" and "was effected by." For example, the Third Circuit, in a nonprecedential opinion, recently noted that Section 1591 "require[s] the Government to prove that force, fraud, or coercion were used to cause a victim to engage in a commercial sex act." *United States v. Arnold,* 854 F. App'x 464, 467 (3d Cir. 2021). Judge Smith

---

[1] Although not directly relevant to our decision here, the Court notes that it has not identified any case in which the Third Circuit adopted this particular reading of the child-sex-trafficking provision of Section 1591(a).

5

of the Ninth Circuit in his concurring opinion in *Todd* explained how Section 1591 operates this way:

> The government's decision to prosecute the case is a backwards-looking exercise. The use of force, fraud, or coercion to cause a victim to engage in a commercial sex act brings the case into the realm of section 1591, and the government must then ask whether the defendant "knew" that force, fraud, or coercion would be used. The only question, and that which Todd argued in his appeal, is whether the defendant knew at the time he committed the offense that force, fraud, or coercion would be used. As the panel members now agree, Todd's knowledge that force, fraud, or coercion would actually be used "does not require knowledge in the sense of certainty as to a future act." Based on an established pattern of conduct, Todd knew that force, fraud, or coercion would be used to cause his victims to engage in commercial sex acts.

627 F.3d at 336–37 (Smith, J., concurring) (citation omitted). The Court finds the Third Circuit's and Judge Smith's reading of the statute to be persuasive. That is, Section 1591 criminalizes sex trafficking by force, fraud, or coercion, but it is drafted in such a way—that is, by use of the passive "will be used to cause" construction—as to not require that a particular defendant himself used force, fraud, or coercion against the victim. *See U.S. v. Jungers,* 702 F.3d 1066, 1073 n.6 (8th Cir. 2013) (construing Section 1591 in child sex trafficking case and noting "'[t]he passive voice focuses on an event that occurs without respect to a specific actor, and therefore without respect to any actor's intent or culpability.'") (quoting *Dean v. U.S.*, 556 U.S. 568, 572 (2009)).

As such, the crime may be "effected by means" of force, fraud, or coercion even though the defendant only "knew" at the time he participated in or benefited from trafficking that such means "will be used" to cause the victim to engage in a commercial sex act. *See Todd,* 627 F.3d at 334 (majority opinion finding that "[w]hen an act of Congress requires knowledge of a future action, it does not require knowledge in the sense of certainty as to a future act. What the statute requires is that the defendant know in the sense of being aware of an established modus operandi that will in the future cause a person to engage in prostitution."). Or, as Judge Smith explains in

his concurrence in *Todd,* "[t]he phrase 'will be used' in subsection (a) does not leave open the possibility that force, fraud, or coercion was not eventually used in committing the offense. Rather, it simply allows for a conviction where the defendant did not personally use force, fraud, or coercion." *Id.* at 336.

The statute, therefore, is not impermissibly vague. If a jury finds that Mr. Juskowich trafficked an adult victim knowing (or recklessly disregarding) that means of force, threats of force, fraud, or coercion would be used, in violation of Section 1591(a), then he is subject to the penalty provided under Section 1591(b)(1). If, on the other hand, a jury concludes that no force, threats of force, fraud, or coercion, were employed, then no violation of Section 1591(a) can have occurred.

**IV.     Conclusion**

For the reasons set forth above, Mr. Juskowich's Motion to Dismiss is hereby DENIED.

DATED this 5th day of November, 2021.

BY THE COURT:

\s\ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record